

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------x
ANNE RESNIK, SAMUEL
HERSCHKOWITZ, M.D., ELIZABETH
RESNIK, and MARY PALINSKY,

Plaintiffs,

- against -

CROCKER COULSON,

Defendant.
--------------------------------------------------------x
PAMELA K. CHEN, United States District Judge:

**VERDICT SHEET**
17-CV-676 (PKC) (SMG)

## Computer Fraud and Abuse Act ("CFAA") Claim

1. Has Plaintiff Anne Resnik proved, by a preponderance of the evidence, that Defendant Crocker Coulson intentionally accessed her cellular phone without authorization and thereby obtained information at any time between June 29, 2012 and October 31, 2014?

   Yes____✓____     No_____

   *If you answered "Yes," proceed to Question 2.*
   *If you answered "No," proceed to Question 5.*

2. Has Plaintiff Anne Resnik proved, by a preponderance of the evidence, that she suffered a loss totaling five thousand dollars ($5,000) over a one-year period as a result of Defendant Crocker Coulson's unlawful access to her cellular phone?

   Yes____✓____     No_____

   *If you answered "Yes," proceed to Question 3.*
   *If you answered "No," proceed to Question 5*

3. Do you find that Defendant Crocker Coulson has proved, by a preponderance of the evidence, that Plaintiff Anne Resnik did not bring this claim within two years after the date of the act complained of or the date of the discovery of the damage?

   Yes_____     No____✓____

   *If you answered "No," proceed to Question 4.*
   *If you answered "Yes," proceed to Question 5.*

COURT'S
EXHIBIT NO. 2
IDENTIFICATION/EVIDENCE
DKT.# 17CV676
DATE: 9/19/19
PENGAD 800-631-6989

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y

4. What amount, *if any*, do you award as compensatory damages to Plaintiff Anne Resnik based on Defendant Crocker Coulson's violation of the CFAA for:

    A.  Cellular Phone Cost(s):        $  0

    B.  Damage Assessment Cost(s):    $ 200,000

    C.  Restoration of Security of Device:  $  0

*Proceed to Question 5.*

## Electronic Communications Privacy (ECPA) Act Claims

5. Have Plaintiffs proved, by a preponderance of the evidence, that Defendant Crocker Coulson intentionally intercepted a wire, oral, or electronic communication, at any time between June 29, 2012 and October 31, 2014, that was transmitted to or from, or participated in by:

    A.  Plaintiff Anne Resnik:      Yes ✓      No _____

    B.  Plaintiff Mary Palinski:      Yes ✓      No _____

    C.  Plaintiff Elizabeth Resnik:    Yes ✓      No _____

    D.  Plaintiff Samuel Herschkowitz:  Yes ✓      No _____

*If you answered "No" to all Plaintiffs, proceed to Question 11.*
*If you answered "Yes" to any Plaintiff, proceed to Question 6 and answer it as to that Plaintiff(s).*

6. As to each Plaintiff you answered "Yes" to in Question 5, how many days or during what date range(s) do you find that Defendant Crocker Coulson intentionally intercepted such a communication between April 22, 2012 and February 6, 2017:

    A.  Plaintiff Anne Resnik:      415    days (or date range(s))

    B.  Plaintiff Mary Palinski:  10/6/14 – 10/31/14  days (or date range(s))

    C.  Plaintiff Elizabeth Resnik:  10/6/14 – 10/31/14  days (or date range(s))

    D.  Plaintiff Samuel Herschkowitz:  10/6/14 – 10/31/14  days (or date range(s))

7. Do you find that Defendant Crocker Coulson has proved, by a preponderance of the evidence, that Plaintiff Anne Resnik did not bring this claim within two years after the date upon which she had a reasonable opportunity to discover the ECPA violation?

    Yes_____    No_____✓_____

*If you answered "Yes," skip Questions 8-10 as to Plaintiff Anne Resnik, but answer them as to any Plaintiff you said "Yes" to in Question 5.*

8. For each Plaintiff for whom you have found that her or his communication(s) was intercepted by Defendant Crocker Coulson under the ECPA, do you find, by a preponderance of evidence, that she or he suffered actual damages and, *if so*, how much:

    A. Plaintiff Anne Resnik:          Yes_____ No___✓____ $_____

    B. Plaintiff Mary Palinski:          Yes_____ No___✓____ $_____

    C. Plaintiff Elizabeth Resnik:     Yes_____ No___✓____ $_____

    D. Plaintiff Samuel Herschkowitz:  Yes_____ No___✓____ $_____

9. For each Plaintiff for whom you have found that her or his communication(s) was intercepted by Defendant Crocker Coulson under the ECPA, you must calculate the amount of statutory damages she or he is entitled to. Each Plaintiff is entitled to the greater of either: (1) $100 per day that her or his communication(s) were intercepted, or (2) $10,000 total.

    A. Plaintiff Anne Resnik:          $_41,500_

    B. Plaintiff Mary Palinski:          $_10,000_

    C. Plaintiff Elizabeth Resnik:     $_10,000_

    D. Plaintiff Samuel Herschkowitz:  $_10,000_

10. For each Plaintiff for whom you have found that her or his communication(s) was intercepted by Defendant Crocker Coulson in violation of the ECPA, do you find, by a preponderance of the evidence, that that Plaintiff is entitled to punitive damages and, *if so*, how much?

    A. Plaintiff Anne Resnik:          Yes__✓__ No_____ $_200,000_

    B. Plaintiff Mary Palinski:          Yes_____ No__✓____ $_____

    C. Plaintiff Elizabeth Resnik:     Yes_____ No__✓____ $_____

    D. Plaintiff Samuel Herschkowitz:  Yes_____ No__✓____ $_____

*Proceed to Question 11.*

## Trespass to Chattels Claim Under New York Law

11. Has Plaintiff Anne Resnik proved, by a preponderance of the evidence, that Defendant Crocker Coulson intentionally damaged or interfered with the use of her property resulting in harm at any time between June 29, 2012 and October 31, 2014?

Yes_____✓_____ No_____

*If you answered "Yes," proceed to Question 12.*
*If you answered "No," proceed to Question 14.*

12. What amount, *if any*, do you award as compensatory damages to Plaintiff Anne Resnick based on Defendant Crocker Coulson's violation of the trespass to chattels claim?

$___500____

13. Do you find, by a preponderance of the evidence, that Plaintiff Anne Resnik is entitled to punitive damages based on her trespass to chattel claim under New York law, and, *if so,* how much?

Yes_____ No___✓____ $____0____

*Proceed to Question 14.*

## North Carolina Electronic Surveillance Act Claim

14. Has Plaintiff Mary Palinski proved, by a preponderance of the evidence, that Defendant Crocker Coulson willfully, and without the consent of at least one party to the communication, intercepted a wire, oral, or electronic communication that was transmitted to her or from her, at any time between June 29, 2012 and October 31, 2014?

Yes_____✓_____ No_____

*If your answer to Question 14 is "No," your deliberations are complete.*
*If your answer to Question 14 is "Yes," proceed to Question 15 below.*

15. How many days or during what date range(s) do you find that Defendant Crocker Coulson intentionally intercepted such a communication between June 29, 2012 and October 31, 2014?

___10/6/14 - 10/31/14___ days (or date range(s))

16. Do you find that Mary Palinski, has proven by a preponderance of the evidence, that she suffered actual damages as a result of Defendant Crocker Coulson's interception of her communication(s), and *if so,* how much?

Yes_____ No___✓____ $_____

4

17. You also must calculate the amount of statutory damages Mary Palinski is entitled to. She is entitled to the greater of either: (1) $100 per day that her communication(s) were intercepted, or (2) $1,000 total.

    $____0____

18. Do you find that that Plaintiff Mary Palinski has proved, by a preponderance of the evidence, that she is entitled to punitive damages based on her North Carolina Electronic Surveillance Act Claim?

    Yes_____    No___✓___

    *If your answer to Question 18 is "No," your deliberations are complete.*
    *If your answer to Question 18 is "Yes," proceed to Question 19 below.*

19. If you find that Plaintiff Mary Palinski is entitled to punitive damages for the North Carolina Electronic Surveillance Act Claim, would the award be the same as to her as the punitive damage award you may have awarded her under the ECPA claim?

    *If your answer to Question 19 is "Yes," your deliberations are complete.*
    *If your answer to Question 19 is "No," proceed to Question 20 below.*

    Yes_____    No_____

20. What amount, *if any*, do you award as punitive damages to Plaintiff Mary Palinski based on this violation of the North Carolina Electronic Surveillance Claim Act?

    $_____

YOUR DELIBERATIONS ARE COMPLETE. PLEASE HAVE THE FOREPERSON SIGN AND DATE THE VERDICT SHEET AND RETURN IT TO THE MARSHAL.


Dated: September ___, 2019                    _____
                                              FOREPERSON

5